UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAROLD MORALES

         Petitioner

  v.

ROSANNE CAMPBELL, WARDEN, MULE CREEK STATE PRISON

         Respondent
_____/

No. C 06-06645 MHP

**ORDER TO SHOW CAUSE**

      Petitioner, a state prisoner at the Mule Creek State Prison, Ione, California, brought this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. section 2254 to challenge his conviction. His petition is now before this court for review pursuant to 28 U.S.C. section 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

      Jurisdiction to address a petition for writ of habeas corpus exists in the district of incarceration and in the district of conviction. 28 U.S.C. § 2241(d). Although venue is therefore proper in either the district of confinement or the district of conviction, traditionally California federal courts hear petitions for a writ of habeas corpus in the district of conviction. Laue v. Nelson, 279 F. Supp. 265, 266 (N.D. Cal. 1968) (Weigel, J.). Venue lies in the Northern District of California since petitioner was convicted in this district.

BACKGROUND[1]

Petitioner was charged with murder for the 1998 death of Nazaneen Nelva Omar ("Omar") in 1999. Petitioner waived his right to a jury trial. The court ultimately convicted petitioner of first-degree murder in violation of California Penal Code section 187 with enhancements for weapons use under California Penal Code section 12022(b) and great bodily injury under California Penal Code sections 1203.075 and 12022.7(d). On February 7, 2003, following his conviction, petitioner was sentenced to twenty-six years to life imprisonment.

LEGAL STANDARD

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The purpose of the writ of habeas corpus is to "protect[] individuals from unconstitutional convictions and . . . to guarantee the integrity of the criminal process by assuring that trials are fundamentally fair." O'Neal v. McAninch, 513 U.S. 432, 442 (1995); see also Brecht v. Abrahamson 507 U.S. 619, 633–34 (1993).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A district court may summarily dismiss a habeas petition where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting 28 U.S.C. § 2254, Rule 4) (internal quotation marks omitted). Summary dismissal is appropriate only when the allegations in the petition are vague, conclusory, palpably incredible, patently frivolous or false. Id.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court

2

1  available with a fair opportunity to rule on the merits of each and every claim they seek to raise in
2  federal court. See 28 U.S.C. § 2254(b), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842–43 (1999).
3  The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state
4  "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"
5  Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). A federal court must dismiss a
6  habeas petition containing any claim as to which state remedies have not been exhausted. See Rose
7  v. Lundy, 455 U.S. 509, 522 (1982).

## DISCUSSION

I.  Procedural Requirements

According to petitioner, every claim presented in the present petition has previously been presented to the California Supreme Court. On October 26, 2005 the California Supreme Court denied review of petitioner's direct appeal "without prejudice to any relief to which defendant might be entitled after this court decides People v. Cage, S127373." On the basis of the record before this court, which includes only the petition itself, petitioner has presented every claim set forth in his petition to the California Supreme Court, satisfying exhaustion requirements.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on habeas petitions challenging non-capital state convictions. In the present action, the one-year deadline is calculated from the date the state's judgment became final after the conclusion of direct review. See 28 U.S.C. § 2244(d)(1). The instant petition was filed less than one year after the California Supreme Court denial of petitioner's appeal.

II.  Petitioner's Substantive Claims

Petitioner claims that erroneous court instruction, evidentiary errors, prosecutorial misconduct and the ineffective assistance of his counsel deprived him of his constitutional right to a fair trial. The court addresses each of these claims in turn.

A.      California Instructions

Petitioner contends that the trial court's erroneous self-instruction led it to improperly conclude that petitioner had committed first-degree, premeditated murder rather than second-degree murder or voluntary manslaughter in violation of petitioner's due process rights. Petitioner first contends that the trial court defined "premeditated" as "considered beforehand" instead of as requiring a planned course of action, in contravention of California Jury Instruction (hereinafter "CALJIC") 8.20. Second, petitioner claims that the trial court improperly equated "unconsidered rash impulse" with "lack of provocation," which violated petitioner's due process rights by confusing the state of mind necessary for second-degree murder with that necessary for manslaughter, and shifted the burden of proof to petitioner to disprove that he premeditated the killing. Third, petitioner claims that the court impermissibly declined to include CALJIC 5.17 even though there was evidence to support its inclusion. CALJIC 5.17 instructs the trier of fact to consider petitioner's unreasonable belief in self-defense in determining petitioner's state of mind at the time of the alleged crime.

A challenge to instructions to a jury are cognizable when "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991) (internal quotation marks and citations omitted). In the case at bar what petitioner complains of is that, using the jury instructions as a statement of the elements to be proved, he believes the judge employed the wrong standards and definitions for certain of the elements. If this is true, then it is tantamount to giving the wrong instructions to the jury and may constitute due process violations. Furthermore, "the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." Middleton v. McNeil, 541 U.S. 433, 437 (2004) (citations omitted). Petitioner claims that the trial court made substantial errors in its self-instruction regarding elements of attempted murder and self-defense implicates his due process rights. On the basis of the record before the court, which at this time consists only of the petition itself, petitioner's allegations do not appear vague, conclusory, palpably incredible, patently frivolous, or false. They are sufficient, if true, to state a cognizable claim for

4

due process violations.

B.      Evidentiary Errors

Petitioner next contends that the trial court erroneously admitted inadmissible testimony and improperly excluded admissible testimony in violation of petitioner's due process rights.  First, petitioner contends that the court's admission and consideration of testimonial hearsay from Omar regarding prior incidents prejudiced him.  Second, petitioner contends that the court erred in admitting testimony from a police officer regarding prior incidents since the testimony was hearsay and did not fall under any recognized exception to the hearsay rule.  Third, petitioner contends that the exclusion of evidence regarding Omar's own violent prior conduct also prejudiced him.

Admission of evidence can be subject to federal habeas review where a specific constitutional guarantee is violated or where the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process.  See Henry v. Kernan, 197 F.3d 1021, 1031 (9th Cir. 1999).  Petitioner alleges that the admission of testimonial hearsay evidence regarding prior incidents violated due process and prevented him from receiving a fair trial.  On the face of the petition, under Henry, petitioner has therefore stated a cognizable claim.  Similarly, habeas review is warranted where the trial court's exclusion of evidence has "infringed upon a weighty interest of the accused."  U.S. v. Scheffer, 523 U.S. 303, 308 (1998).  A right to a fair trial is a weighty interest deserving of habeas review under Scheffer.  Therefore, petitioner's allegation that the exclusion of evidence regarding Omar's violent conduct also states a cognizable claim.

C.      Prosecutorial Misconduct

Petitioner next contends that the state's attorneys engaged in prosecutorial misconduct, infecting the trial with unfairness and therefore violating petitioner's due process rights.  First, petitioner claims that the prosecutor imputed testimony to petitioner, who had invoked his privilege not to testify.  Petitioner also claims that in his closing argument, the prosecutor accused petitioner's counsel of bad faith.  Finally, petitioner argues that the prosecutor urged the court to rule based on

1 prejudice, not the law. A habeas claim for prosecutorial misconduct is cognizable when it "'so
2 infect[s] the trial with unfairness as to make the resulting conviction a denial of due process.'"
3 Sassounian v. Roe, 230 F.3d 1097, 1106 (9th Cir. 1999) (quoting Darden v. Wainwright, 477 U.S.
4 168, 181 (1986)). Therefore, on their face, petitioner's allegations that prosecutorial misconduct
5 infected the trial with unfairness states a cognizable claim.

### D. Ineffective Assistance of Counsel

Finally, petitioner contends that his counsel's representation was ineffective. Petitioner claims that his counsel did not object to or otherwise counter the government's arguments and evidence regarding premeditation and deliberation, actions which irreversibly "shattered" the defense. A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel. See Strickland v. Wash., 466 U.S. 668, 686 (1984). To prevail on an ineffective counsel claim, petitioner must show both that his counsel's representation fell below an objective standard of reasonableness, id. at 688, and that counsel's errors deprived petitioner of a fair trial. See id. at 689. On its face, the petition states a cognizable claim that petitioner was unfairly convicted of first-degree murder in part because of his counsel's ineffective assistance.

### CONCLUSION

For the foregoing reasons, the court hereby FINDS and ORDERS that:

(1) Petitioner's claims are cognizable for habeas relief and warrant a response from respondent.

(2) The clerk of this court SHALL, by certified mail:

(a) serve a copy of this Order and a copy of petitioner's petition upon the Attorney General of the State of California; and,

(b) serve a copy of this Order upon petitioner and petitioner's attorneys;

(3) Pursuant to Habeas Local Rule 2254-6, respondent shall file an answer or other pleading with this court within sixty (60) days of the date of this order. This answer or other

pleading must conform in all respects to 28 U.S.C. section 2254, Rule 5, and SHOW CAUSE why a writ of habeas corpus should not issue. Respondent shall file with the answer or other pleading a copy of all portions of the trial record that have been previously transcribed and that are relevant to a determination of the issues presented in the petition.

(4) Pursuant to Habeas Local Rule 2254-6, petitioner shall respond to the answer or other pleading by filing a traverse with the court and serving it upon respondent within thirty (30) days after he receives the answer;

(5) This matter shall be deemed submitted as of the date petitioner's traverse is due. No hearing will be held unless the court so orders at a later date.

Dated: Dec. 27, 2006

_____
MARILYN HALL PATEL
Judge
United States District Court
Northern District of California

**ENDNOTES**

1. All factual information is taken from petitioner's petition and memorandum of points and authorities.